IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KNIGHTS COLLISION CENTER, LLC | Civil Action |
| Plaintiff, | No. 09-CV-493 |
| v. | |
| AAA MID-ATLANTIC, INC. | |
| Defendant. | |

March __25__, 2010

MEMORANDUM

Plaintiff Knights Collision Center, LLC (hereinafter "Knights") brings this action against AAA Mid-Atlantic ("AAA"), alleging state-law breach of contract claim (Count I) and a federal law racial discrimination claim in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Count II). Knights filed a complaint on February 4, 2009 and filed an amended complaint on June 29, 2009. On August 5, 2009, AAA filed a motion to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) or 12(b)(3), styled in the alternative as a motion to transfer to the District of Delaware pursuant to 28 U.S.C. §

1

1404(a). Plaintiff filed its response to the motion to dismiss on September 10, 2009.[1] On October 14, 2009, defendant filed a response in support of its motion to dismiss. Now before this court is defendant's motion to dismiss or transfer.

## I. Facts[2]

Plaintiff Knights is a Pennsylvania corporation that provides automobile restoration, repair, and towing services. Knights is also a Minority Business Enterprise ("MBE) as defined by the National Minority Supplier Development Council–a definition adopted by the Minority Supplier Development Council of Pennsylvania, New Jersey, and Delaware. AAA is a non-profit organization with corporate offices in Philadelphia and Wilmington organized under the laws of Delaware. Knights has a contract with AAA to provide emergency roadside assistance to AAA members.

On December 1, 2006, Knights entered into a Roadside Assistance Service Provider Agreement ("RASPA") with AAA to provide a full range of emergency roadside assistance. That contract contained a clause selecting Delaware law that provided as follows: "APPLICABLE LAW. This Contract shall be construed under and in accordance with the laws of the State of Delaware without giving effect to conflict of laws provisions."

---

[1] Plaintiff's submission was untimely but Magistrate Judge Angell granted plaintiffs's motion to accept its late filing.

[2] The facts in this section are drawn from the plaintiff's amended complaint and defendant's motion to dismiss, which contains copies of the relevant contracts and amendments.

The RASPA was amended in March 2007, November 2007, and April 2008. The March 2007 contract contained a forum selection clause stating that:

> [A]ny action brought to enforce any term(s) of this Agreement, or on account of any breach of this Agreement, or relating to or arising out of the subject matter of this Agreement . . . must be commenced in Delaware and be maintained in state or federal courts located in the County of New Castle, State of Delaware. The parties agree that jurisdiction and venue for such proceedings shall lie exclusively with such courts.

The March 2007 amendment was signed by representatives from AAA and Knights. The November 2007 amendment to the RASPA added an arbitration clause stating that arbitration must be conducted in Wilmington and administered by the National Arbitration Forum.

In May 2008, Knights became part of the Preferred Service Provider program managed by AAA; the program required Knights to become an exclusive AAA provider in exchange for receiving additional customer calls and higher rates. The current governing contract between the parties dates from June 1, 2008. That contract contains a forum selection clause granting exclusive jurisdiction to the "state and/or federal courts located in New Castle County, Delaware"[3] and an arbitration clause providing that arbitration shall be conducted in Wilmington and administered by the National

---

[3] The Third Circuit has ruled that where a forum selection clause specifies either a state court of a federal court, transfer to the federal court is permissible. 246 F.3d 289, 299-300 (3d Cir. 2001); *see, e.g.*, *Feldman v. Google, Inc.*, 513 F.Supp.2d 229, 244 (E.D. Pa. 2007) ("However, the forum selection clause, which states '[t]he Agreement must be ... adjudicated in Santa Clara County, California,' on its face does not limit jurisdiction to state court.").

Arbitration Forum. The RASPA also contains a termination clause which allows either party "for any reason or no reason" to terminate the contract with ten days' notice.

## II. Procedure

AAA has filed a motion to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) or 12(b)(3), on the ground that the Eastern District of Pennsylvania is not the appropriate venue for this action. AAA's motion is styled in the alternative as a motion to transfer the action to the District of Delaware under 28 U.S.C. § 1404(a).[4] Defendant contends that the forum selection clause contained in the June 1, 2008 contract is valid and must be enforced. Knights claims that the forum selection clause is unenforceable because it was procured through fraud or overreaching.

As a threshold matter this court must consider what procedural vehicle is most appropriate for addressing defendant's motion. Rule 12(b) allows defendant to ask for dismissal on the ground that, under subsection (3), venue is improper, and, that, under subsection (6), the plaintiff has failed to state "a claim upon which relief can be granted." A district court has discretion under 28 U.S.C. § 1404(a) to transfer venue. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district

---

[4] I must also note that plaintiff has requested that this court dismiss, without prejudice, defendant's motion to transfer in order to allow discovery to proceed and plaintiff to obtain the facts necessary to show that the forum selection clause was obtained by fraud and overreaching. I decline that invitation. As the Third Circuit has explained, "the mere allegation of fraudulent conduct does not suspend operation of a forum selection clause." *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed.Appx. 844, 847 (3d Cir. 2003).

court may transfer any civil action to any other district or division where it might have been brought.").

In *Salovaara v. Jackson Nat'l Life Ins. Co.*, the Third Circuit explained that Rule 12(b)(6) is "a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." 246 F.3d 289, 298-99 (3d Cir. 2001). However, the court explained that "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." *Id.* at 299. Subsequent to *Salovaara*, courts in this Circuit have preferred transfer rather than dismissal when a forum selection clause specifies another venue. *See, e.g.*, *Tessler & Weiss/Premesco, Inc. v. Sears Holding Management Corp.*, No. 09-1243, 2009 WL 3335570, *3 (D.N.J. Oct 15, 2009); *Feldman v. Google, Inc.*, 513 F.Supp.2d 229, 244 (E.D. Pa. 2007) (noting that Third Circuit has "cautioned" that transfer is appropriate when forum selection clause is present); *Barbuto v. Medicine Shoppe Intern., Inc.*, 166 F.Supp.2d 341, 348 (W.D. Pa. 2001) ("Our Court of Appeals has clearly stated that 'where venue would be proper in the initial forum court, provided no forum selection clause covered the subject matter of the lawsuit, it is inappropriate to dismiss pursuant to 28 U.S.C. § 1406.' ") (citing *Salovaara*, *supra*).

However, transfer, as distinct from dismissal, is permissible only when venue is proper in both the original and the requested forum. *Jumara v. State Farm Ins. Co.*, 55

F.3d 873, 878 (3d Cir. 1995). Plaintiff submits that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) "because a substantial number of the acts and omissions" giving rise to the complaint took place in this district. AAA does not argue that venue would not be proper in the District of Delaware. Thus, I conclude that as a threshold matter, because plaintiff has its principal place of business in this jurisdiction and the contract at issue governed the provision of emergency roadside assistance in Bucks County, venue in the Eastern District of Pennsylvania is proper. Venue is also proper in the United States District Court for the District of Delaware, the court specified in the forum selection clause, because AAA transacts business in Delaware and is subject to personal jurisdiction there. *See* 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business).

Accordingly, this court will analyze defendant's motion under 1404(a) rather than Rule 12(b)(3) or 12(b)(6).

### III. Discussion

Typically, the burden of establishing the need for transfer under §1404(a) is on the moving party. *Jumara*, 55 F.3d at 879. This burden changes, however, when a contract contains a forum selection clause. *Id.* at 880. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). When there is a forum selection clause, "the plaintiffs bear the burden

of demonstrating why they should not be bound by their contractual choice of forum." *Jumara*, 55 F.3d at 880; *see also Rogal v. Skilstaf, Inc.*, 446 F.Supp.2d 334, 337 (E.D.Pa. 2006) ("[T]he party opposing enforcement of a forum selection clause has a heavy burden of showing not only that the balance of convenience is strongly in favor of a different forum but also that resolution in the selected forum will be so manifestly and gravely inconvenient to it that it will be effectively deprived of a meaningful day in court."). This court will apply the forum selection clause unless Knights can make a "strong showing" that the clause is "unreasonable under the circumstances." *M/S Bremen v. Zapata*, 407 U.S. at 1916. A forum selection clause is "unreasonable" if the clause was procured through "fraud or overreaching,"*id.* at 15, or if the forum selected is "so gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of his day in court," *id* at 18.

Knights' claims that the forum selection clause is unenforceable on the ground that it was procured through fraud or overreaching.[5] In cases where one party disputes the

---

[5] Plaintiff concedes that enforcement of the forum clause would not deprive it of its day in court. However, plaintiff contends that AAA was motivated to insist on the forum selection clause by an adverse October 15, 2007 jury verdict in the Pennsylvania Court of Common Pleas in *Seiple's Collision & Restoration, Inc. v. AAA Mid-Atlantic*, Inc., No. 002212 (C.P. Philadelphia, Jan. Term 2005). Knights alleges that after *Seiple's Collision* that "AAA concluded that it could more easily deal with the post-termination damages claims of terminated road services providers in Delaware." Knights contends that AAA was also motivated by a class action lawsuit pending against AAA filed in *Clark's Tire and Automotive Service Center, Inc. v. AAA Mid-Atlantic, Inc.*, No. 003341 (C.P. Philadelphia, Feb. Term 2008). Finally, Knights contends that it did not have sufficient time to examine the June 1, 2008 forum selection clause, was not advised to

7

enforceability of a forum selection clause, courts have treated the validity of the forum selection clause as a threshold matter that must be decided before it determines whether transfer is appropriate under §1404(a). *See, e.g.*, *CoActiv Capital Partners, Inc. v. Feathers*, No. 08-5506, 2009 WL 1911673 (E.D.Pa. July 01, 2009); *Campanini v. Studsvik, Inc.*, No. 08-5910, 2009 WL 926975 (E.D.Pa. April 06, 2009). I conclude that for purposes of transfer, Knights has not made a "strong showing" that the forum selection clause contained in the March 2007 amendment and June 1, 2008 contract was the result of fraud or overreaching.[6] Accordingly, I turn now to whether transfer to the District of Delaware is appropriate under §1404(a).

---

consult a lawyer, and did not receive any consideration for the amended clause.; (2) the RSP is a contract of adhesion; (3) the contract violates public policy; (4) the contract is the result of fraud and (5) the contract is the result of overreaching.

[6] Knights' contention that the amendment was the result of fraud or overreaching is not persuasive. The fact that AAA chose to amend its contract with Knights subsequent to an adverse outcome in another trial does not in and of itself invalidate the forum selection clause. AAA may have a number of reasons, strategic, financial, or practical, to conclude that Delaware is a more convenient forum for potential litigation. Moreover, the amended complaint states only that AAA amended the contract to add the *arbitration* clause as a result of *Clark's Tire*, and does not mention the forum selection clause in relation to *Clark's Tire*. Nor has Knights made a "strong showing" that, even if it did not have the opportunity to review the March 2007 amendment adding the forum selection clause, that resulted in fraud. Even assuming there was no negotiation over the terms of the contract, the absence of negotiation "does not affect its validity." *Foster v. Chesapeake Ins. Co.*, Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). Knights has also failed to show why AAA was obligated to advise Knights to consult with a lawyer. Finally, Knights' allegation that it received no consideration for the June 1, 2008 forum selection clause is implausible in light of the fact that the clause was an ingredient of a new relationship with AAA that was apparently expected to yield more customers at higher rates.

8

Under §1404(a), this court must examine two factors when deciding whether to transfer a civil action to another district, "the convenience of parties and witnesses" and "the interest of justice." In *Jumara*, the Third Circuit identified a number of additional "private" and "public" interests that figure in §1404(a) calculation. 55 F.3d at 879. The private interests constitute: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) where the claim arose; (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" (6) and the location of books and records. *Id.* The public interests are: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) the "familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

Given the close proximity of this court to the District of Delaware, consideration of several of the private and public factors–the (1) the relative physical and financial condition of the parties; (2) the convenience of the witnesses; (3) the location of books and records; (4) practical considerations that could make the trial easy, expeditious, or inexpensive–does not make one forum significantly more convenient than the other.

9

Typically, where the requested forum is geographically close to the current forum, these convenience factors are not material. *Id.* at 882 ("The fact that the two fora are adjacent districts of the same state also obscures the interest-of-justice analysis, which gives little reason to override the forum selection clause."); *Barr, Jr. v. National RR. Passenger Corp.*, No. 08-2529, 2009 WL 3497776, * 5 (E.D. Pa. Oct. 28, 2009) ("[T]he proximity of the Eastern District of Pennsylvania to the District of Delaware renders the difference in convenience negligible."). *Connors v. UUU Productions, Inc.*, No. 03-6420, 2004 WL 834726, *6 (E.D. Pa. March 15., 2004) ("Given the proximity of the Eastern District of Pennsylvania and the District of New Jersey, factors related to the convenience of the parties or witnesses and practical considerations do not render one forum significantly more convenient than the other."). Thus, I find unavailing plaintiff's argument that venue should remain in the Eastern District of Pennsylvania because Knights' email, business records, and main witnesses are located here. In fact, the convenience of witnesses should be considered only where transfer to another forum would make them unavailable for trial, which Knights has not alleged. *See Jumara*, 55 F.3d at 879. In light of the proximity and ease of transportation between the two districts, any increase in costs or inconvenient would be minimal.

The three remaining private interests do not weigh heavily towards either forum. Plaintiff's original preference for venue in the Eastern District of Pennsylvania is counterbalanced by the existence of a forum selection clause–which I have determined is

valid for purposes of the motion to transfer–granting exclusive jurisdiction to the Delaware courts. Moreover, while a court "normally defer[s] to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id.* at 880. Defendant, of course, has requested transfer to the District of Delaware. Finally, this claim arose in Pennsylvania, and thus that factor weighs against transfer, but only modestly.

The remaining public interests are: (1) the enforceability of the judgment; (2) the relative administrative difficulty in the two fora resulting from court congestion; (3) the local interest in deciding local controversies at home; (4) the public policies of the fora; and (5) and the familiarity of the trial judge with the applicable state law in diversity cases. Taken in the aggregate, these do not weigh significant one way or another. A judgment from the District of Delaware would be as enforceable as a judgment from this court and there is nothing to suggest that the caseload in Delaware would be affected by the addition of this case. Under the choice-of-law provision contained in the contract, the law to be applied is Delaware law, and a district court in Delaware would be more familiar than a Pennsylvania court with the law of that state.

Finally, I must consider the forum selection clause. Under Section 1404, "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara*, 55 F.3d at 880. When a forum selection clause is present, while it is not dispositive, it "is entitled to substantial consideration." *Id.* Thus, after considering the

§1404(a) factors and the forum selection clause, I conclude that the proper venue in this case lies in the District of Delaware.

IV.

Defendant's motion to transfer will be granted. An appropriate order accompanies this memorandum.